```
FILED
CLERK, U.S. DISTRICT COURT
10/09/2025
CENTRAL DISTRICT OF CALIFORNIA
BY    asi    DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM
```

DENNIS D. SADORRA
43-810 SKYWARD WAY
LAQUINTA, CA 92253
TELEPHONE: (760) 880-8416
EMAIL: DENNISSADORRA@GMAIL.COM
PLAINTIFF IN PRO PER

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. DENNIS D. SADORRA,<br><br>Plaintiff,<br><br>v.<br><br>STARLIGHT DUNES HOMEOWNERS ASSOCIATION; DESERT RESORT MANAGEMENT/ASSOCIA; JAY BROWN; MARTIN BONAFEDE; MARK SUSSMAN; DR. AMIR IBRIHIM; JERALD CAVARETTO; DAVID NICK.; DELPHI LAW GROUP LLP; HEIGHT BROWN & BONESTEEL LLP; KLINEDINST PC; LIBERTY MUTUAL INSURANCE; PHILADELPHIA INDEMNITY INSURANCE CO,<br><br>Defendants. | CASE NO. 5:25-CV-02009-UA<br><br>ASSIGNED TO THE HON. R. GARY KLAUSNER<br><br>**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT**<br>**(Fed. R. Civ. P. 55(b)(2); C.D. Cal. L.R. 55-1)**<br><br>[FILED CONCURRENTLY WITH [PROPOSED ORDER]<br><br>DATE:<br>TIME:<br>COURTROOM: |

Plaintiff, Dr. Dennis D. Sadorra, appearing pro se, moves for default judgment against Defendant David Nick, Esq. following the Clerk's Entry of Default (ECF No. 47).

Plaintiff seeks judgment in the amount of $250,000 for legal fees, financial loss, harm from bankruptcy and abandonment of representation. Further that the court order Defendant David Nick to produce his Errors and Omissions Insurance. (name, address, and claim-reporting contact information).

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT
1

1  This motion is based on this Notice, the accompanying Memorandum of Points and

2  Authorities, the Declaration of Plaintiff and the [Proposed] Order, and the record in this action.

3

4  **DATED**: October 7, 2025

5

   Respectfully submitted,

6

7

8  DENNIS D. SADORRA IN PRO PER

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. DENNIS D. SADORRA,<br><br>  Plaintiff,<br><br>v.<br><br>STARLIGHT DUNES HOMEOWNERS ASSOCIATION; DESERT RESORT MANAGEMENT/ASSOCIA; JAY BROWN; MARTIN BONAFEDE; MARK SUSSMAN; DR. AMIR IBRIHIM; JERALD CAVARETTO; DAVID NICK ESQ.; DELPHI LAW LLP; HEIGHT BROWN & BONESTEEL LLP; KLINEDINST PC; LIBERTY MUTUAL INSURANCE; PHILADELPHIA INDEMNITY INSURANCE CO,<br><br>  Defendants. | CASE NO. 5:25-CV-02009-UA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**<br>**(Fed. R. Civ. P. 55(b)(2); C.D. Cal. L.R. 55-1)**<br><br>DATE:<br>TIME:<br>COURTROOM: |

## MEMORANDUM OF POINTS AND AUTHORITIES

**1. INTRODUCTION**

Plaintiff seeks entry of default judgment against Defendant David Nick, Esq., who accepted more than $50,000 in legal fees, abandoned representation, and ignored multiple extensions and communications. His misconduct contributed to Plaintiff's Chapter 7 bankruptcy and financial losses.

MOTION FOR DEFAULT JUDGMENT

## II.     PROCEDURAL HISTORY

Plaintiff filed Complaint on July 29, 2025. Defendant was served pursuant to Rule 4 of the Federal Rules of Civil Procedure on August 18, 2025 (proof of service filed with this court). Defendant failed to respond; Clerk entered default (ECF No. 47).

## III.    LEGAL STANDARD

After the Clerk's entry of default, the Court may enter judgment under Fed. R. Civ. P. 55(b)(2) if the well-pleaded allegations state a claim. The Ninth Circuit considers seven factors: (1) prejudice to plaintiff; (2) merits of claims; (3) sufficiency of complaint; (4) sum at stake; (5) possible factual disputes; (6) excusable neglect; and (7) policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).

## IV.    ARGUMENT

### A. Plaintiff Will Be Prejudiced Without Judgment.

Defendant's refusal to participate leaves Plaintiff with no remedy absent judgment. Plaintiff granted numerous extensions to other Defendants in the case. Defendant David Knick refused to respond or acknowledge action.

### B. Plaintiff's Allegations Are Meritorious and Sufficient.

Complaint alleges Defendant engaged in acts which constitute professional negligence, breach of duty, and breach of attorney / client privilege. Including misrepresentation of Section 998 offer in order to further HOA's scheme. Which also, by virtue, is a furtherance of HOAs quasi-government power, in violation of 42 U.S.C. § 1983. The above, including Defendant's acceptance of $50,000 in fees, followed by abandonment of action, states a valid claim for damages.

### C. The Eitel Factors Favor Default Judgment.

1. No dispute of fact (Defendant has not appeared.)
2. No evidence of excusable neglect.
3. Plaintiff's damages are documented.
4. Default judgment promotes fairness and judicial economy.

**MOTION FOR DEFAULT JUDGMENT**

V.   **REQUESTED RELIEF.**

For these reasons, Plaintiff respectfully asks the Court to:

1. Grant Motion for Default Judgment against Defendant David Nick Esq.;
2. Award damages of $250,000 to Plaintiff; and
3. Order Defendant to provide his E&O insurer's name, address, and claim-reporting contact information within 14 days of this Order.

**DATED**: October 7, 2025

Respectfully submitted,

DENNIS D. SADORRA IN PRO PER

5
**MOTION FOR DEFAULT JUDGMENT**

**DECLARATION OF DR. DENNIS D. SADORRA**

I, Dr. Dennis D. Sadorra, declare:

1. I am the Plaintiff in this action, appearing Pro Se.
2. On August 18, 2025, I served Defendant David Nick, Esq. with the summons and complaint.
3. Defendant failed to respond within time allowed; Clerk entered default (ECF No. 47).
4. Defendant is an adult, not an infant, incompetent person, or servicemember.
5. I paid Defendant approximately $50,000 in legal fees for representation he abandoned, causing substantial loss and a Chapter 7 bankruptcy.
6. I granted Defendant multiple extensions to respond; but he never responded,
7. I request judgment in the amount of $250,000, and that Defendant be ordered to disclose his E&O insurer's contact information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 7, 2025, in LaQuinta California.

DENNIS D. SADORRA IN PRO PER